IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01728-BNB

BRIAN KEITH JONES,

    Plaintiff,

v.

EL PASO COUNTY POLICE DEPARTMENT,
PEOPLE OF THE STATE OF COLORADO,
EL PASO COUNTY DISTRICT COURT FOURTH JUDICIAL DISTRICT,
EL PASO COUNTY PUBLIC DEFENDERS,
ATTORNEY CYNTHIA McKEDY,
ATTORNEY DAVID LINDEMAN,
DENVER RECEPTION AND DIAGNOSTIC CENTER,
EL PASO COUNTY CRIMINAL JUSTICE CENTER,
COLORADO STATE BOARD OF PAROLE, and
COLORADO TERRITORIAL CORRECTIONAL FACILITY,

    Defendants.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 3 0 2008

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Brian Keith Jones, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Originally Plaintiff initiated this action on August 7, 2007, by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Court entered an order on August 16, 2007, in which Plaintiff was instructed to correct deficiencies in the Complaint by naming the same Defendants in both the caption and the text of the Complaint. On October 31, 2007, Plaintiff complied with the Court's August 16 Order, and filed an Amended Complaint, but the Complaint did not contain all of the numbered claims that Plaintiff raised in the original Complaint. Furthermore, on November 23,

2007, Plaintiff filed another Amended Complaint, but again the Complaint did not include all of the numbered claims from the original Complaint, yet the Complaint includes two new claims. The Court finds that Plaintiff intends only to raise the claims that he sets forth in the November 23, 2007, Amended Complaint and will review only the merits of these claims.

The Court must construe the Complaint liberally because Mr. Jones is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Jones will be ordered to file an Amended Complaint.

Mr. Jones' claims for the most part challenge his arrest for a parole violation. In the two claims that Plaintiff has added to the Amended Complaint filed on November 23, 2007, Plaintiff appears to assert that his outgoing legal mail is being interfered with by a prison officer. Mr. Jones seeks money damages for his imprisonment and for the assault that he incurred in the Volousia County Jail in Daytona, Florida in 1999. He also requests that all of his DNA and DOC information be "recalled."

With respect to any claims that Plaintiff sets forth regarding his alleged false imprisonment, his claims for money damages are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by

2

executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87.

Although "[c]laims arising out of police actions towards a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur," *Beck v. City of Muskogee*, 195 F.3d 553, 558 (10th Cir. 1999), to recover compensatory damages Plaintiff must prove not only that the search was unlawful, but that it caused him an actual, compensable injury that does not encompass the "injury" of being convicted and imprisoned, *Heck*, 512 U.S. at 487 n. 7.

Mr. Jones does not allege that he has invalidated his sentence. He also does not assert that the search caused him actual, compensable injury that encompasses any injury other than the fact that he is falsely imprisoned. Therefore, the claim for damages challenging the validity of his criminal conviction is barred by *Heck*.

Furthermore, Mr. Jones does not allege how any of the named Defendants were responsible for interfering with his outgoing legal mail. Plaintiff must assert each Defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his

or her supervisory position. See *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

The Court further finds that Mr. Jones is suing improper defendants. Any claim he is asserts against Defendant People of the State of Colorado is in actuality against the State of Colorado and is barred by the Eleventh Amendment. See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). Similarly, Defendants El Paso County District Attorney Fourth Judicial District, Denver Reception and Diagnostic Center, and Colorado Territorial Correctional Facility are state agencies that also are entitled to Eleventh Amendment immunity.

Mr. Jones may not sue Defendants El Paso County Police Department and the El Paso County Criminal Justice Center. The sheriff's department and the justice center are not separate entities from El Paso County and, therefore, are not persons under 42 U.S.C. § 1983. See *Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The claims asserted against the sheriff's department and the justice center must be considered as asserted against El Paso County.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York*

*City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Jones cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

As for Defendants Cynthia McKedy and David Lindeman, they are public defenders. A public defender who performs a lawyer's traditional function as counsel to a defendant in a criminal proceeding is not acting "under color of state law" for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Defendants McKedy and Lindeman, therefore, are inappropriate parties to this action.

Plaintiff is instructed that "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Jones file **within thirty days from the date of this Order** an original and a copy of an Amended Complaint that complies with the Order. It is

FURTHER ORDERED that the Amended Complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Jones, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that Mr. Jones submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that if Mr. Jones fails to file an original and sufficient copies of an Amended Complaint that complies with this Order, to the Court's satisfaction within the time allowed, the Complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the Prisoner's Motions and Affidavits for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. Nos. 24 and 25), filed December 18 and 27, 2007, are DENIED as unnecessary. It is

FURTHER ORDERED that "Motion Requesting Investigative Expertise/Suspension or Disbarment or Criminal Charges," (Doc. No. 23), filed December 14, 2007, is DENIED as inappropriate.

DATED January 30, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01728-BNB

Brian Keith Jones
Prisoner No. 129556
Fremont Correctional Facility
PO Box 999
Cañon City, CO 81215 -0999

I hereby certify that I have mailed a copy of this **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 1/30/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk