IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01728-BNB

BRIAN KEITH JONES,

    Plaintiff,

v.

EL PASO COUNTY CRIMINAL JUSTICE CENTER,
COLORADO STATE BOARD OF PAROLE, and
COLORADO TERRITORIAL CORRECTIONAL FACILITY,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 28 2008

GREGORY C. LANGHAM
                 CLERK

## ORDER OF DISMISSAL

Plaintiff Brian Keith Jones is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. He originally filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343, on August 16, 2007. The Complaint was deficient, and Plaintiff was instructed to cure the deficiency, which he did on October 31, 2007. He then filed an Amended Complaint on November 23, 2007. Magistrate Judge Boyd N. Boland reviewed the November 23, 2007, Complaint and entered an order on January 30, 2008, finding that Plaintiff failed to assert appropriate claims against properly named Defendants and directing Plaintiff to file another Amended Complaint. On February 25, 2008, Plaintiff filed a Second Amended Complaint. For the reasons stated below the Complaint and action will be dismissed as legally frivolous.

The Court must construe the February 25, 2008, Amended Complaint liberally because Mr. Jones is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

Although not the model of clarity, it appears that Mr. Jones is alleging that his parole was illegally revoked during the time he had a case pending in municipal court in Colorado Springs, Colorado. Plaintiff further contends that he was compelled to be a witness against himself by the Colorado State Board of Parole. Plaintiff seeks money damages and termination of his parole.

Mr. Jones has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B)(i) of § 1915 requires the Court to *sua sponte* dismiss an action at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Complaint as legally frivolous pursuant to § 1915(e)(2)(B)(i).

Mr. Jones was instructed previously, in Magistrate Judge Boland's January 30, 2008, Order, that he may not sue Defendant El Paso County Criminal Justice Center. The justice center is not a separate entity from El Paso County and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Plaintiff also was informed that the

2

claims asserted against the justice center must be considered as asserted against El Paso County.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. ***Monell v. New York City Dep't of Social Servs.***, 436 U.S. 658, 694 (1978); ***Hinton v. City of Elwood, Kan.***, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. ***City of Canton, Ohio v. Harris***, 489 U.S. 378, 385 (1989). Mr. Jones cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. ***See Monell***, 436 U.S. at 694. Therefore, the El Paso County Criminal Justice Center is not a proper party to the action, and the claims that Plaintiff asserts do not implicate a policy or custom of El Paso County.

With respect to Defendants Colorado Territorial Correctional Facility and Colorado State Board of Parole, Plaintiff also was instructed by Magistrate Judge Boland in the January 30, 2008, Order that "[i]t is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." ***Ramirez v. Oklahoma Dep't of Mental Health***, 41 F.3d 584, 588 (10th Cir. 1994). The Colorado Territorial Correctional Facility and the Colorado State Board of Parole are improper parties to this action because they are state agencies and are protected from suit by the Eleventh Amendment.

Even if Plaintiff had named proper parties to the action, and his claims were found to assert violations of his constitutional rights, he may not challenge the validity of his conviction in this action for money damages pursuant to 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477 (1994). The rule in *Heck* also applies to "proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of the prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by the issuance of a federal habeas writ. *Heck*, 512 U.S. at 486-87.

A judgment in favor of Mr. Jones, in this action, necessarily would imply the invalidity of his state court criminal proceedings. Therefore, he may not bring this action unless he has invalidated the proceedings. Plaintiff does not allege an invalidation of his conviction or revocation of parole nor is there an indication in the Complaint that he was granted one. Any claims challenging Plaintiff's criminal state court proceedings would be barred by *Heck*. Nonetheless, the Complaint and action will be dismissed as legally frivolous because Defendants are improper parties to a § 1983 action.

Furthermore, to the extent that Plaintiff is attempting to seek habeas relief for wrongful imprisonment, his sole federal remedy is a writ of habeas corpus pursuant to

28 U.S.C. § 2241, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* 28 U.S.C. § 2254(b)(1). Accordingly, it is

ORDERED that the Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 27 day of March, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 07-cv-01728-BNB

Brian Keith Jones
Prisoner No. 129556
Fremont Correctional Facility
PO Box 999
Cañon City, CO 81215-0999

I hereby certify that I have mailed a copy of this **ORDER AND JUDGMENT** to the above-named individuals on 3/28/8

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk